We're on 9-3-3-7-5, Medina Bailey v. Illinois Liquor Commission. Good morning, Counsel. Good morning. As you can see, this is the only case on the call. How much time do you need? State your name. My name is Lloyd Brooks. I represent the appellant, Medina Bailey. It is my understanding that the rules of court is 20 minutes. I intend to use it all. I don't know if the panel is going to consider arguments longer than that. Do you want to reserve some time for rebuttal? I would. Five minutes. Very good. Good morning, Counsel. Good morning, Your Honor. Have the respondents had an opportunity to discuss how much time they're going to take? Have you divided the arguments up? Yes, we have, Your Honor. Christopher Kelleher on behalf of the local Liquor Control Commissioner of the Village of Dalton. I would ask for six minutes. Okay. Very good. You were under the impression there would be a 15-minute argument. I believe now there's 20. Would you each like seven minutes? If that's possible. That's certainly possible. And we're not going to penalize you if you run over. Okay. All right, Mr. Kelleher. Thank you. Good morning, Counsel. Good morning, Your Honor. My name is Irene Garr, and I represent Greenwood, the licensee in this matter, the liquor license holder. And you'll take? I'll take seven minutes. Very good, Counsel. Good morning. Good morning. My name is Laura Blunder, and I represent the Illinois Liquor Control Commission. And I am planning to just be very brief and address any questions that might remain after the two terms. Very good. It probably will not be seven minutes, but if you're all ready. Very good. We'll see how much time you take. Mr. Brooks, are you ready to proceed with your argument?  Thank you. Thank you. Yes, please. Good morning. Good morning. I'd already introduced myself, but I'll do it again. My name is Lloyd Brooks, and I represent the appellant here who is the petitioner below on an administrative complaint, Medina Bailey. Today we have before the Court what we feel are two questions. The first question being whether or not the Illinois Liquor Control Commission correctly ruled that my client did not prove that she was a school for purposes of the Liquor Control Act within 100 feet of a licensee. The second question we have before the Court today is whether or not the same commission abused its discretion in denying a petition for education as a school. When was that obtained? The registration letter is dated April 30th, I believe, 2008. So it was after the ruling of the Liquor Commission? It was before the ruling, but it was after the initial hearing, which took place earlier that month. The ruling actually did not occur until May of 2008. But the registration occurred the day before the letter. According to the letter, she was registered April 29th. The letter was issued April 30th. Wouldn't that be like taking two bites of an apple? Is it taking two bites of the apple? I'm sorry. Wouldn't it be like, well, I didn't present it before the hearing, but now I want to present it now? Well, that's what a petition for rehearing is. So one of the purposes is if there's now evidence that wasn't available at the time of the hearing, and now you have an opportunity if you feel that that evidence somehow would change the decision. But couldn't you have gotten that beforehand? Well, that's one of the points that is raised by the respondents. And quite frankly, there's nothing in the record that says, you know, what the State's process was for registering my client. The fact is it did occur before their ruling. We alerted them to the fact that this had occurred before their ruling, and we petitioned them to now rehear the case so that we could put on that evidence. And I think one of the reasons why that was so key is during the hearing, the respondents all took the position that the Illinois State Board of Education is who decides who is and isn't a school, and that that ruling would then be what should be followed by the Illinois Liquor Commission for purposes of the act. Well, it also appeared that during that hearing, at least some of the commissioners may have been of that same train of thought. We don't know that for sure because there was nothing put in the order that says why they ruled the way they did. There were no facts, no conclusions of law. But we can kind of glean from the questioning that some of the commissioners may have thought that that also should be the case. And so I thought it was very probative when the Illinois State Board of Education in fact says you are registered as a school, and so now we wanted to present that to the board. Let's talk about registration for a minute. Does registration mean accreditation, or tell me what registration means, and if registration and accreditation are synonymous or are they different or what? That's an excellent question. I don't know that they're necessarily synonymous with accreditation because accreditation implies that the state itself has somehow put a stamp on you. But the registration is very significant in that they associate you with the local public school district, and in this case the local public school district is in South Holland. The registration also allowed my client now even further access to public funds just like other public schools. And I think what was key was the fact that the Illinois State Board of Education is now recognizing or registering my client as a school was the very fact that the respondent's claim was missing for my client to have a successful appeal, and we obtained that status. And now, as you see from the briefing, their arguments completely changed as to what they now feel is appropriate. Did the beginning of this registration process take place before or after the initial hearing? That's not in the record. Again, as I mentioned earlier, we're not sure what the length of the state process was. That's probably a fact that we would have been able to uncover and present before the ILCC had they granted the petition for rehearing, but we would deny that opportunity. With respect to this letter, Counsel, does the registration letter simply say that the entity you represent was registered, or does it say it was registered as a school? I'm actually looking to the appendix now. I believe the language of the letter actually says it's registered as a school and then identified for my client what local school district she was now associated with. I'm looking now at the letter. It gave her a school code. Can you tell me what page in the appendix you're looking at? It's 810. It's pretty much near the back. The appendix was about 25 pages long, and this is the tenth out of that 25 pages. Okay. I see. Going back to the letter, it specifically provides her a school code. It gives the name of her establishment as well as its address, and what I think is also key here, it gives her an associated school district code and a school district name. So this letter, at least the way it reads, is she's now a part of that local school district. Now, again, exactly what that may mean as far as accreditation, going back to your question, it's a little unclear at this point because that was something we weren't allowed to flesh out because our petition for rehearing was denied before the Illinois Liquor Commission. Had that been granted, we would have had the opportunity then to present evidence that we could have placed in the record about what the registration meant, what the process was, so on and so forth. But the parties and the courts have been denied the ability of having that information because of the denial of the petition. But getting back to my question, it simply says your institution is duly registered with the Illinois State Board of Education. It does not say registered as what? That is true. The letter does say that, but I think clearly it's registering her as a school by the fact that it gives her a school code. I'm not sure what else they'd be registering her for if they're going to give her a school code. It also talks about, towards the bottom of the letter, the person who writes this, we hope we will work together for the excellence of K-12 education in Illinois. Again, another reference to the fact that she's being registered as a school. And it does make several references to school code, school name, school address. It does. Clearly, the importance of this letter is you're now recognized as a school. And, you know, it's hard to stress, overstress how key a piece of evidence this was, particularly in light of the arguments that were being made by the respondents, that essentially this one letter was the only thing she needed in order to now qualify as a school under the Act, and therefore the prohibition for having a liquor store within 100 feet kick in. Now, we disagree with that position because, frankly, we don't believe you had to be registered as a school, and hence we went forth with the hearing. And we believe that the Act doesn't require actual registration by ISBE. But nonetheless, once this evidence was obtained, we couldn't, you know, overlook it in asking the ILCC to rehear the matter. So then you're saying even without this letter that the nursery school should be, the daycare center should be defined as a school? Well, I wouldn't even refer to it as a daycare center. I think that was one of the problems before the ILCC is her establishment was simply referred to as a daycare center. And can a daycare center now be, seek the protection under the Liquor Control Act's prohibition against the sale of liquor within 100 feet? I think the question here is, is she also a school? And I believe that we proved that before the ILCC, that she operates a school that also has facilities beyond that, such as those that might be considered a daycare center. So we believe we've proven that. There's been virtually no contest to the fact that they're state-certified teachers, that there are segregated classrooms for these students, that they're following a curriculum, and that the learning standards that they're applying are those required by the state for any public or private school who are teaching children of this age. So that being the case, there's nothing that distinguishes my client, for all intents and purposes, between any other private school or public school, for that matter. And there's nothing about the act that would suggest that she has to be, say, an elementary school or a secondary school, which is now a fallback position that the respondents have taken, now that their first position has kind of been assailed by the letter from ISB. Counsel, how would you suggest that the court interpret the business license application, where your client indicated that their primary purpose was childcare, and the corporate annual report, which indicates that the business is to conduct childcare? How do we interpret those documents? Well, I think that those references certainly have been spun by the respondents to me and see this is just a daycare center because that's how she responded on those documents. But the term childcare is broad enough to include a school as well, and certainly she does conduct childcare services, both as a daycare center, as the way I think everyone traditionally thinks of it, someplace where parents can bring their children and have a safe place while they're either at work or away, versus a school, which is considered to be much more instructive, but certainly both of them are childcare. And in this particular instance, the respondents also, I think, indicated in the record where there were yellow page references to my client under the heading of daycare center. Well, those were references which my client testified. She didn't place those ads. She's not sure how they got there or whether or not they were picked up some other way. So my client has not characterized herself as simply a daycare center, despite the fact that the respondents consistently characterized her that way. They're ignoring the mountain of evidence that we presented that she has a school. If the legislators wanted to include daycare into their interpretation of the statute, why would they not have said it? They said it in other areas. They specifically have said schools, daycare, so on and so forth. Why would they not have done that in this instance? Well, that's a good point, and it's certainly one that my respondents will raise when it's their time to argue. The way we look at this is the access school, it does not say daycare center. So clearly if my client was only a daycare center, she would not be included. We're not saying that the legislature has included daycare centers within that definition. What we're saying is our client meets the definition of a school, not because she's a daycare center, but because she's much more than that. So if there was a case before the court where there was someone who merely was a daycare center, but there was no educational component, then they would not be able to take advantage of the act's prohibition. In fact, that case, there's been a case that's cited in our brief. That's the Posecco case. It wasn't under the Liquor Control Act, but that was a decision where the Illinois appellate court had an opportunity to segregate daycare center from a school. And in that case, the decision clearly says that a daycare center can be with or without an educational purpose. And that decision made it clear that because the establishment in that case did not have any evidence in the record that it had any educational purpose, it could not qualify as a school. Well, this is the exact opposite. Here, the record is full of references to my client's educational purposes, her staff, the requirements that the state places on her in order to keep her positioned in that program. Those all now show that my client has that educational purpose. And under the Posecco decision, she would be considered a school. And I don't see why that same minor reasoning would not apply to the Liquor Control Act. If I may, there is one issue that I think is pretty important here. It's related to the denial of the petition for rehearing. One of the issues we have with the Illinois Liquor Control's decisions is there are no findings of fact or conclusions of law stated in either. There simply is a ruling. I believe, to paraphrase the first ruling, it simply stated that my client did not prove that she was a school within 100 feet of a licensee. There were no findings of fact. There were no conclusions of law stated. One of the issues we have here is now that sets up a quandary, I believe, for the parties and the courts as to what the appropriate standard of review needs to be for this case. Had they said my client was within 100 feet, well, that's a pure finding of fact, one of which I think is clear would be a manifest way of evidence standard that would be on us. But that's not set forth. We don't know if that's what the decision was. It could have been. We don't know. I think it certainly would have been against the manifest way of evidence, but nonetheless, we don't even know that. We don't know if the ILCC reached the conclusion that she needed to be a secondary or elementary school, which is what the respondent's position is now before this Court. We don't know if that's what they reached. They didn't say that. That would be a pure question of law, which I believe would be a de novo standard. There could have been a mix of facts and law. They could have decided that, well, you need to have a certain amount of your operations be dedicated to education versus daycare in order to be a school. And you didn't meet that standard. That would be a mixed question of fact and law. We don't know if that's what the ILCC reached a conclusion of. So one of the issues we have before this Court is if this Court, for any reason, needs to look to what the determination of the ILCC was, we don't really have that. And so one of the things that we request is if, in fact, this Court has any questions about what it should do, that one of the remedies is to send us back to the ILCC, get those findings of facts, a conclusion of law, and if not, then ordering them to have a rehearing based on the new evidence that we were able to obtain after the first hearing. Based on this record, counsel, which standard of review would you suggest that we apply to this case? I believe it's de novo, and it's de novo because there are no findings of fact made by the ILCC. I think the question that's before this Court now is the way it was framed by the respondents at the circuit court, which is, well, you need to be an elementary school or you need to be a secondary school in order to qualify. Well, if that's the case and that's a question of law, it's de novo. I don't believe that's what the Act imposes that as a standard. Instead, the Act says any school. It couldn't be any broader than that. I think in response, each of the respondents have kind of taken a turn in trying to indicate that, well, we're requesting some kind of an expansion in the law. Well, we're not. We're following the term that's there. It's any school. All the case law that's cited in our briefs point to how broad Illinois courts have governed that term to be. And I think one of the concerns I believe raised by the Attorney General's office was, well, now you're going to open the door to study groups and, you know, cultural activities now being determined in schools. Well, first of all, that's not the case before the Court. We've got a particular case before the Court that we're asking to be decided. We're not asking about study groups or cultural activities. But I think even more than that, here we have we're following what's actually in the statute with respect to this being a traditional school in the sense that there are state certified teachers teaching minors the kind of material that we would expect of children at age, arts and sciences and so forth. Counsel, why don't you bring your argument to a conclusion? You've reserved some time for that. I have. Well, I think in conclusion I would just point out that I think the two questions that are before this Court, one, whether or not the original decision of the ILCC was appropriate, should clearly be answered no, it was not. My client is not required to be a secondary or a public school in order to qualify under the Act as a school for purposes of the Illinois Liquor Control Act. Secondly, should the Court have questions about that or reach a different conclusion, then this case should be remanded back to the Illinois Liquor Control Commission because it abuses discretion in denying our petition for rehearing. Are you basically saying then that the Commission's findings are insufficient? Absolutely. Under the Administrative Review Law, they were required to make findings and they didn't. Thank you. Thank you. Good morning, Your Honors. Christopher Kelleher on behalf of the local Liquor Control Commission. Learning is a worthy goal, but Ms. Bailey's argument is better suited for the legislature. There are three points that I would like to make, each supporting affirmance. The first is deference to administrative agencies. Second, the evidence concerning the NDLC regarding its filing, its monitoring, and its advertising, which demonstrate the NDLC in its own words is a daycare. And third, that a learning component does not necessarily make something a school. As to point one, deference is the touchstone of agency appeals. Whether the NDLC is a school is a question of fact that should be reviewed under the manifest weight standard. Even if considered a mixed question, the clearly erroneous standard applies. This was the standard used by the circuit court. Finally, even if the court considers this a question of statutory interpretation, deference is still appropriate. Courts defer to the agency's interpretation of its operative statute. So which standard of review should we apply? We would ask for the first, which is that this is a question of fact, and therefore under the manifest weight standard. If the court, again, disagrees, then we would ask, as the circuit court used, the clearly erroneous standard. Whether the NDLC is a school, we submit again as a question of fact, or at the least is a mixed question. You're saying basically that the commission found that this was not a school? Correct, Your Honor. Yes, Your Honor. Since we have to construe the word school, it doesn't become a mixed question? I would concede that if you consider it a mixed question, we would still prevail. The Wicker Control Act refers to school, so we've got to make a decision about what a school is, and we've got to take the definition that we use and apply it to our facts. So I'm asking you, is this a mixed question of law and fact? Yes, I would say because the legal effect of a fact is a mixed question, and courts are very clear on that point. And again, that's what the circuit court used, and therefore it would be a clearly erroneous standard. Thus, Ms. Bailey's claim that this is de novo simply is incorrect in light of these well-established standards. Now, Ms. Bailey's disregard for the deference is exacerbated by her tunnel vision of the facts. Consider how the NDLC viewed itself before this litigation began. Its business license says childcare. Its annual domestic corporation reports say childcare. It is regulated by the DCFS, and most damaging, it advertised as a daycare. Inexplicably, Ms. Bailey ignores these facts. Now, what does Bailey focus on? She hypes an after-the-fact letter from the ISB. But it seems to be a very important letter that would, could persuade some of the members one way or the other, if it were before that. I'm sorry, Your Honor, the letter? That's non-abusive discretion, even though it's such an important piece of evidence that could have helped decide the case. I feel very important, very important. Your Honor, the letter we have a few issues with. First, that it's newly created evidence. I'm sorry. It's newly created evidence. You know, the standard is for hearings are newly discovered. And this letter was created after the hearing. Obviously, it was before the ruling was issued, but it was created after the hearing itself. So the commission did not consider it, did not, was not aware of its existence, as far as I know. And there's... I don't know what the school board felt throughout this whole span of time. Possibly, Your Honor, but I think more importantly... Is it an issue of fact that should be decided? I think it has been decided in the sense that it was considered during the rehearing, and it was considered... Well, I'm talking about abusive discretion. Well, Your Honor, additionally, there was a letter from the ISBA, which says that the NDLC is not recognized or accredited as a school. And I think that letter, that piece of evidence, diminishes any import from the prior letter... Excuse me, from the later letter of April 30th. So I simply don't think that this after-the-fact, litigation-driven letter has any import on this case. One other thing, you're saying basically there's no issues of fact that are uncontested.  Yes, Your Honor. If everything's decided on the issue of fact, why wouldn't it be a de novo review? Well, we would say it's a mixed question. What factual question? What is a school? That's what we assert and we believe is a factual question. It's been decided in the sense that that's the commission... Well, yes, and that goes back to Justice Duvall's point that this is a mixed question, which I would agree is a mixed question of law and fact, again, under the clearly erroneous standard. So the record supports the commissioner, the commission, and the circuit court. It was reasonable for those three bodies to find that the NDLC was a daycare. Counsel, what if we would go down to the legislature and say, do you think we should have liquor stores next door to these schools? What do you think their answer would be? They would probably say, no, that's not something that's good. That's a gambling person. But again, if the legislature wanted to include that, I think they would have. Well, they would have unless they thought we don't have to. It's a school. But, Your Honor, in 82, as Justice Steele commented, 82 different Illinois statutes enunciate daycare centers. In this one, they could have said, we don't have to change anything. It is a school. Well, Your Honor, in this instance... The other ones, clearly they have to. The University of Illinois wants liquor, but we have to put in a little extra here. Or it's 90 feet instead of 100 feet if, well, all those little changes have been made over the years. But here they didn't have to because they felt it was a school. That's an argument that could be made. It certainly could, Your Honor. But in the legislative history, there is the remarks that the 100 feet limitation applies to elementary and secondary schools. That is straight from... There's no exceptions? No, not in that comment. That's straight from a representative during debate. What the act also says somewhere, I can't find it right now. I apologize. It says somewhere in here that the act should be liberally construed. So liberally means to me that you should take into consideration other factors, extenuating circumstances, and that it's not hardcore. The fact that they now got this letter saying that they're registered. I don't quite know what registration means, but if it means what I think they want me to think it means, then why would not the commission at least listen to it and say that this is some information that now that they have it, we should consider it. Perhaps it should be over here. What would be your response? Well, Your Honor, a couple points. First, up until this point, up until this case, the NDLC consistently held itself out as a daycare. It was monitored by the DCFS. But you said the case, it doesn't matter what you call it, what it is, is the most important thing. You cited that case, didn't you, or one of you? That decision was cited. However, I would point to the fact that when you take into consideration the fact that the attributes that the NDLC holds itself out, that it has separate classrooms, that it has state-certified teachers, that could honestly apply to anything. It could apply to a tutoring business. It could apply to libraries. It could apply to homeschooling sites. And that's the problem with Ms. Bailey's position. Where is the line drawn? And simply that it's a learning component, that a learning component is present, that's too amorphous, that's too amorphous of a standard. I realize that the case you cited, then, it must be governed by the school code. Yes, Your Honor. That's, I guess, for your side. Yes, Your Honor. Then it's a place where instruction is given. Yes, Your Honor. How is that? Well, certainly instruction is given here. They also are given in my house, too. We do not quarrel with that. However, your prior point that this institution is not governed by the school code, it's governed by the Child Care Act, number one. It's not regulated. Would this letter put it under the school code? At this point, no. I would say no, although we don't know all the consequences. However, we do know, it's in the record, from the ISPE itself, it says the NDLC is not recognized or accredited as a school. Moreover, the NDLC is not funded by the ISPE. So I think those are important factors. Would this letter change that? I'm sorry? Would this letter change that? I do not believe so, Your Honor. I do not believe so. Now, could an entity be both a daycare and a school? Certainly. But that is not the case here because Bailey has embraced the daycare designation and until this litigation shunned the school designation. The record is rife with correspondence between the DCFS and the NDLC. And as stated earlier, the NDLC is governed by the Child Care Act. Finally, while elementary and secondary school is mandatory for all children seven and above, daycare, preschool, and kindergarten are not mandatory. In your opinion, what is the purpose of saying that a liquor store should not be next to a school? I think there's a couple purposes. But I think the main purpose is that, and this was referenced in the Hawthorne race course decision, that children walking to and from school do not essentially walk past liquor stores and may be tempted or there may be patrons of the liquor store tempting the students. I think that's the main concern. And that, as the record is clear, is not the case in this instance because all the children attending the NDLC are dropped off by their parents. So the concern that children walking past liquor stores to and from school, that's simply inapplicable here. I don't follow that reasoning. I'm sorry. The NDLC, the children that attend the NDLC, are dropped off by their parents. In front of a liquor store. Well, there's a fence which... There's parking in front of the, I don't know, but I take it there's parking in front of the center. I believe so. I'm not 100%. So the cars are parked there and they drop them off in front of the liquor store. They have to at some time or another. Well, Your Honor, there's a fence, and it's, my understanding... No, no, no. In between. Right. And it's a fairly thick fence from my understanding. And it blocks, I do know that Ms. Bailey... Both of them face, I forget what street, both of them face it. Yes. And they're going to drop children off. And the children will walk in front of it. Well, the cars will certainly drive by the liquor store. I'm not denying that. But as far as children walking, I don't believe that would be the case. As I pass by O&M Cathedral, there's a bunch of cars picking up kids. And they're lined up, and the kids have to walk by O&M. Well, Your Honor, it's my understanding, because these children vary from six weeks to six years old, they're not given too much leeway in terms of walking around. So, and I know I'm cutting into cold counsel's time, so if there's any further questions... Thank you. All right, I appreciate the court for its time. Wait for one moment. Yes, Your Honor. So you say this letter changes nothing? No, Your Honor. Even though they now call it a school? Well, it's registered as a school. Again, it's not recognized, nor accredited, nor funded. I should have asked one of your colleagues, but I'll ask you first. What if they reapply for a license? Well, Your Honor, I think that, first, the building is not zoned. It's zoned residential, and a school cannot be zoned residential. So that opens up a whole other can of worms. I do know that the license has been issued, and I think there are grandfather clause issues that Ms. Barr can speak to. That block is residential? Yes. How's her liquor store there? Well, not the block, but her lot. There's two towns. It's basically right on the border. But I do know that the NDLC is zoned residential. All right. Thank you. Thank you, Your Honor. I appreciate it. Mr. Killeher, thank you very much. Good morning, Your Honors. Irene Barr on behalf of Greenwood, the license holder in this matter. A couple of points I'd like to address in terms of just the last question. It is not in a residentially zoned area. I think counsel just misspoke on that one. The only thing I'd request is you keep your voice up because as I get older. All right, Your Honor. I'll try. I do want to, first of all, make sure that we understand what the focal point of this is. This is an appeal from the issuance of the local liquor license, which was issued December 17th of 2007. And the question is, was the issuance of that license in violation of the law at the time? And the issue about the letter from the Illinois State Board that was procured by the appellant in this matter did not occur until April, over four months later. They were in business for many years. I don't think that that is at all determinative or a reason to remand it to the State Liquor Commission because I believe very strongly that it is newly created evidence that was within their power to go to the State at any time and ask whatever it is they ask. And we don't know what it means to be registered because there is no record as to that, which they could have done at the time of the local hearing. And my client, who invests in a business and the local liquor commissioner who issues a license, should be able to rely on what the facts are at that time. But is this an indication of what we believe happened? Or is this okay as of today? Well, as of today, they are registered, whatever that means. I don't concede that that means that they're a school. As of today, but you didn't ask this before, this is our position. This would always be our position in 2007 or 2005. This is our position, that you can be registered. Well, in 2007, they were not registered. And I don't think there's anything in there that says, as Justice Neville asked, does that mean that they are recognized as a school? It says your institution is registered, first of all, for K through 12, which was not relating to the facts of the record at all. The record was only that they had children ages 3 to 5 years old there, and the only educational or learning component that they argued about was that there was a preschool program, not that it was anything more than the Preschool for All program. What do you think the legislative intent was? You've been around. You know a lot of these legislators. I think the legislative intent was to carve out certain places where they felt children were especially vulnerable and exposed to alcohol sales, which are primary, not restaurants. But I disagree with your comments that the legislature, if they were asked, would definitely include this type of a facility because they haven't included it here, and they have included it in many other pieces of legislation and could easily have done so. Well, what they thought the argument would be, they thought they didn't have to. This is so clearly our intent, to exclude the liquor store or tavern, whatever it be, next to a preschool program. We don't have to say that. It's obvious. I disagree with that because of the other legislation. But those needed to be said. Those needed to be excluded. Here they thought, hey, we don't have to address this. I don't believe so. For instance, in the Sex Offender Act, they specifically named schools and daycare centers. So to me that would mean that a school did not include a daycare center, and they could easily have included those terms. So I have to respectfully disagree with that. They had all kinds of things they added over the years. Correct. And none of which were daycare centers. These are all special interest legislation. Well, that's another matter. By your reference to the criminal statute, are you suggesting to the court that there's a distinction between a school and a daycare center? Is that what that means? I think that the normally recognized standard definition for a school is not something that people would normally walk by this type of facility and say, hey, that's a school. And I think that that's what the legislature means. We don't want any question about that. We want to make sure that everything is covered in that criminal statute. So they specifically delineated other things other than school. They said schools, daycare centers, and made reference to some other. Correct. So does that mean a school is different from a daycare center? That was my question. Is that what that means? Or can school encompass all those things? I think that's what Justice Murphy is trying to suggest. Well, I suppose theoretically school could encompass those things, but I don't think based upon the facts of this record that it does. And I think that it's important that what the commission had to look at and what the local WICR commissioner had to look at at the time that they made the decision. And there was no appeal filed from the issuance of the subsequent state license, which was issued after the state commission made their decision. So the only issue here is the issuance of the local WICR license. And there are provisions in the act that if a school moves next door to a place that has a legal license and let's say that they would later be deemed to be a school because they changed the nature of the operation or whatever, I don't know what they could do. Obviously there's a real question of what is a school. That's something we have to decide. I think you have to decide yes. And the WICR commission decided that this was not a school. Are we bound by the WICR commission's construction of that statute? Well, I don't think that the appellate court is ever bound by something, but I think that the standard is. Would that be a question of law? In fact, based on these circumstances. And, therefore, I think the standard is clearly erroneous, which we've stated. And not to know of. When we decide what to do, some of us pick up dictionaries. Someone pointed out what Black said. Black said a school is an institution of learning and education, especially for children. This is liberally construed. Black's definition seems to include this institution as a school. But I think if you look at the program that they put into the record, it's a preschool program. And I have also cited in my brief a definition of what a preschool is. That's getting ready to go to school before you go to school. It doesn't necessarily constitute a school. The word preschool implies just that, pre-school. Correct. Not school to me. Arian Webster says a school is an organization that provides instruction. Well, a home is not an organization, but you could define that as home. A home? At home, I used to give a lot of instruction. Yes. Until they became teenagers and I gave up. So I could fit into that definition, I suppose. I agree with you. But I think that the difference is whether it's learning or something structured as a school and recognized as a school. And I do want to say, correct counsel, a little bit in that I, on my position, never took the position that an IBSC ruling one way or the other would be determinative in this case. I think as far as his argument that the standard of review should be de novo because there were no findings by the Illinois Liquor Control Commission. I think the commission did make adequate findings. Could they have enumerated it more? Could they have said more? Yes, I suppose they could have said more, but I don't think legally they're required to. They made findings on the necessary legal and factual points that would determine this case. Justice asked some questions about where the children are dropped off. I think the record says that they are, and this is typical at preschools, they line up, the car's teacher comes out, gets them, brings them into the school. They don't let the children walk around. And there are other types of places where children are prominent that are not covered in this section as well. Parks where there are a lot of children. Libraries, they're not covered by this section. So although in some instances the legislature meant to protect those individuals, I don't think that you can make that leap that it applies here. And if there's other questions, I'd be glad to answer them. Sometimes I remember being distracted standing there and didn't get to some of my stronger points because people up here used to ask me questions. So in three sentences, why don't you tell us your strongest points? What you really want to argue and get a chance. I think first of all, the standard of review is clearly erroneous and that the court should not overturn the decision of the Liquor Commission unless it finds that an opposite decision is clearly evident, which I don't think is a finding that can be made in this case. Secondly, I don't think that under the facts of this case that this entity is a school within the meaning of the Liquor Control Act. And thirdly, I think that there is no merit to the petition for rehearing argument because this is newly created evidence and not newly discovered evidence. With due diligence, they could have done this, and I think the standard on that is clear. So it was not an abuse of discretion by the State Liquor Commission to deny that petition for rehearing. That's over three sentences. Thank you. I'm sorry, I thought you said three points. I apologize. Anything further, Ms. Fulton? No, thank you. Thank you, Your Honors. I believe the issues have been covered pretty well and pretty thoroughly. A word about the argument that there were inadequate findings. A word about the argument that there were inadequate findings of fact and conclusions of law. I don't believe that's the case here because the standard is really whether the decision is one that permits intelligent judicial review, which is the case here. The decision also refers to the evidence and the hearing. It notes that there was a hearing on a certain day and says that the appellant did not prove based on a preponderance of the evidence. So it's referring to the evidence at the hearing. And the evidence at the hearing is all in the record, and so that can be reviewed by the court. And when evidence is recorded and made part of the record, the decisions say, and I cite this in my brief, decisions say that there's not a need for more specific and detailed findings of fact. So the decisions are capable of intelligent review and therefore are sufficient. And so I don't believe there's any need for a remand on that basis. And with respect to the rehearing argument. I apologize, counsel, but let's bear with it. Okay. Again, as to the rehearing, this was evidence that could have been presented earlier, it could have been, registration could have been signed at any time since the facility opened. Every time I think it's the last one, there's one more. That's our final. And the appellant did not show that registration changes anything about the nature of what that facility does. You know, it's a daycare center with a preschool program. The registration letter talks about K through 12, education K through 12, which is not what the appellant does. And in looking, trying to, I looked at the school code and the only registration that I saw did apply to elementary and secondary schools. So there's no, they failed to prove that registering changes anything about the nature of their services. There is another letter that was also presented in opposing rehearing that's specifically from the early childhood division administrator of the Illinois State Board of Education that makes clear that the facility is not recognized or accredited as a school. So it was not an abuse of discretion to deny the rehearing. And with respect to the original decision, the arguments have been presented. The commission essentially felt that this type of very broad definition of school really was an expansion of a more common traditionally understood meaning of school where we distinguish between a preschool and a school. This was an expansion of legislative intent and therefore that it was a question that was best left to the legislature. And for the reasons that have all been discussed, we feel the commission's decision should be affirmed. If the court has any questions, I'm happy to answer them. Otherwise, I'll conclude. Thank you. Mr. Bailey, why don't you take a few minutes and respond to their arguments? I will, Your Honor. Thank you. First, there were several comments made about either the standard review or what deference should be given to the ILCC. And I think that is a very important point, so I'm going to respond just briefly. In this particular case, I do not believe any deference is that the ILCC's decision is entitled to any deference. Not only were there no set findings of fact or conclusions of law stated, but there's another reason as well. This is a fairly novel issue. I think all the parties conceded before the commission that, in fact, they could not find another case like this one. The commissioners themselves also stated on the record that they believe this was the first time this particular question had been presented. There have certainly been no cases, appellate decisions cited in Illinois on this issue either. With respect to that, the reason that's significant is Illinois decisions clearly have stated that when an administrative body enters a ruling on a novel issue or one of first impression, there is no deference given at that point because it's now an issue of law that must be determined by the courts. Do you cite a case in your brief for that proposition? I do, Your Honor. My brief's on the table. But there is an Illinois Supreme Court decision cited in my brief on that issue that, in fact, because this is a novel issue, one of first impression, the agency which normally might be given some deference because they have a lot of experience in dealing with licensees under the Liquor Control Act would not be given to them on this particular issue because, in fact, this is the first time they've had to deal with it. So the public policy behind giving deference to the agency is not present. And for that reason, no deference is required. That also links into, again, the standards of review, which, again, we believe is de novo, either because there's no contest about the facts or because the agency failed to give us any findings of fact. They don't tell us, again, you know, exactly what it was that they found or didn't find, which they felt required them to deny my client's petition. One of the issues also raised, again, was I think when Justice Steele indicated that you thought there was a provision in the statute that required you to interpret the statute liberally. Section 5-1-2 of the Liquor Control Act, I'm not going to recite the entire, but that provision requires that the statute be interpreted in such a manner as to foster intemperance. And intemperance, obviously, is the opposite of drinking alcohol. It's to foster or, in this case, I guess the best way to read it is to prohibit the drinking of alcohol. Now, obviously, it's legal to do so, but when interpreting the act, if there is a question about how the act should be interpreted, it should be decided in favor of not allowing the sale of alcohol. So in that sense, it would be liberal with respect to the prohibition. And I think maybe that's what Justice Steele was referring to, is if there's a close call here, all right, then the prohibition, the 100-foot prohibition against sales of alcohol near a school should be then interpreted in the more liberal sense such that it prohibits the sale as opposed to fostering it. There was also some reference by the local liquor commissioner that one of the findings should have been that there's no mandatory attendance at my client's establishment, and therefore, she can't meet the definition of school because it's not mandatory attendance. Well, the problem with that position is there are two cases on point. One's an Illinois Supreme Court decision. That's People v. Levinson, which is cited in my brief. The other one is Hilgendorf v. The Baptist Church of Danville. In both of those cases, the courts held that mandatory attendance or compulsory attendance laws are not applicable with respect to a school. In fact, in the Hilgendorf case, it was also a school program for very young children who were not required to attend school by state law yet. Yet, in that decision, the Illinois appellate court determined that they were a school for purposes of the Tort Immunity Act. So clearly, the fact that my client's students are young enough that their parents could not be compelled to force them to go to school is not determinative of the issue that's before the court. Going back to the issue about denying the petition for rehearing, there's been a lot of discussion about a second letter that existed that was written by the Illinois State Board of Education. And I think what's most important to point out is that letter was written weeks before my client obtained registration. So, of course, when they wrote the first time, they were going to say, my client is not a school, my client is not accredited as a school. That's because the letter was obtained before she was registered. So what the effect of that letter is essentially nullified by the second letter, which now acknowledges that she obtained registration. So although the respondents would like to harp on that first letter, it really doesn't get them anywhere because it was written before the registration. Yes, Your Honor. Page 22 of your brief says this action should be remanded to the Illinois Liquor Commission. But you don't cite a case here. Well, Your Honor, one of the reasons why we felt it should be remanded is if this court found that there were issues of fact or that there may have been issues of fact that should have been ruled on, then the case needs to be remanded for one of two purposes. Either because there are no findings of fact or conclusions of law stated in that opinion and it should be remanded back for that. And there is citation to the Illinois Administrative Review Law on that point. Or secondly, it gets remanded because it was abuse of discretion for them to deny the petition for rehearing. And there is authority for that. I'm not off the top of my head sure exactly what point I was making on page 22, but there are numerous references to my client seeking to have the case remanded. And we certainly do cite authority for what basis this court could use to remand the case back to the Illinois Liquor Commission if that was what you determined was appropriate. If there are no other questions, I believe I'll just wrap up by saying we believe that the Illinois Liquor Commission's decision should be reversed. Its finding that my client did not prove she was with a school within 100 feet of a liquor licensee was wrong. And we believe that standard is de novo. And secondly, should this court decide that whatever standard may have been set appropriately for what is or isn't a school, and I agree that that is the question here, what is or isn't a school, then this action should still be remanded to the Illinois Liquor Control Commission because they abused their discretion in denying the petition for rehearing. Thank you. Thank you. I want to compliment the attorneys on their arguments and on the briefs. This matter will be taken under advisement. Court is in recess.